THE STATE OF NEW JERSEY, EX REL. FREDERICK JURGENS, RELATOR, v. RICHARD W. BOOTH ET AL.

Submitted November 24, 1911—Decided December 4, 1911.

The Geran act (*Pamph. L.* 1911, *p.* 276) does not relieve boards of freeholders of the duty of paying the expenses of a general election, held in and for the whole county, imposed upon them by section 180 of the General Election law. *Pamph. L.* 1898, *p.* 317.

On rule to show cause.

Before Justices GARRISON, PARKER and BERGEN.

For the relator, *J. Henry Harrison.*

For the defendants, *William A. Lord.*

The opinion of the court was delivered by

GARRISON, J. This is an application by an election officer for a *mandamus* to compel the auditor and collector of Essex county to draw a warrant and pay to him the money due him for services and lawful expenses incurred at a general election held in and for the entire county in November, 1911.

The duty to make these payments must be found in the Geran act (*Pamph. L.* 1911, *p.* 276), and such parts of the pre-existing election laws as were not repealed by that act.

It is perhaps not possible absolutely to harmonize these statutes if strict effect be given to every word by which the legislature has sought to express its will; the paramount purpose thereby expressed, however, may be arrived at by a construction that does the least violence to the language employed.

Section 180 of the General Election law (*Pamph. L.* 1898, *p.* 317) clearly places the duty in question upon the county in which a general election is held.

Section 64 of the Geran act (*Pamph. L.* 1911, *p.* 322) provides that the board now charged with this duty shall pay any additional expense made necessary by this (the Geran) law. This provision, and especially the word "additional," indicates with sufficient clearness that the duty imposed upon the county by the existing law was increased, which, of course, negatives the idea that it was supplanted.

The duty of the freeholders to meet the expenses of a general election therefore continues, and is recognized as continuing by the Geran act.

As opposed to this view is section 10 of the Geran act, which provides that "the board or body having charge of the finances in each municipality shall provide for the expenses of carrying out this act in their municipality, except as herein otherwise provided."

The force of this section as antagonizing the construction just indicated is weakened by several considerations—*first,* it may be said that a county is a municipality within the meaning of this section; *secondly,* it may be said that it is not, and that the section deals only with elections not co-extensive with the whole county; *thirdly,* it may be said that it is "herein otherwise provided," viz., by section 64; and lastly, if sections 10 and 64 cannot both stand, the later section overrides the earlier.

In the view we take of these statutes the Geran law does not relieve the freeholders of the duty of paying the expenses of a general election held in and for the whole county, imposed by section 180 of the General Election law.

The rule to show cause is made absolute and a peremptory *mandamus* may issue according to its terms.